Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7095 | **DATE** | 10/13/2011 |
| **CASE TITLE** | Marcus Brown (#108457) v. Henry | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The Court authorizes and orders Lake County Jail officials to deduct $106.32 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts at the Lake County Jail. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Any other pending motions are denied as moot. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]                                                                 Docketing to mail notices.

## STATEMENT

Plaintiff Marcus Brown, presently in custody at the Lake County Jail, filed this civil rights action. He names as Defendants his former attorney, Frederick Aiossa, and Defendant Aiossa's law firm, Goldstein, Aiossa, and Good, located in Chicago, Illinois. *See* Plaintiff's complaint, fee agreement, attached. Plaintiff alleges that Defendant Aiossa withdrew as counsel in his state criminal proceedings in violation of his retainer agreement and has refused to refund any fee money to Plaintiff.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $106.32. The supervisor of inmate trust accounts at the Lake County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Lake County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, this Court is required to conduct a preliminary review of a complaint and dismiss it, if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true and liberally construing his *pro se* complaint, the complaint does not present a cognizable federal claim to support a § 1983 action in this Court.

**(CONTINUED)**

AWL

In order to bring a federal civil rights claim, Plaintiff must establish that a person acting under the color of state law violated Plaintiff's constitutional rights. Defense attorneys, even public defenders, are not considered "state actors" under § 1983, and cannot be sued for damages. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983). There is an exception to the general rule that defense attorneys are not state actors, if the defense attorney is alleged by Plaintiff to have conspired with state actors. *Logan v. Laterzo*, 24 Fed.Appx. 579, 582 (2001), *citing Tower v. Glover*, 467 U.S. 914, 923-24 (1984). Plaintiff does not allege such a conspiracy. In fact, his allegations appear to be those of a garden variety ineffective assistance of counsel and breach of contract. Plaintiff's claims against Defendant Aiossa are, therefore, not actionable under § 1983, absent some federal claim.

In short, on the Court's initial review, Plaintiff has failed to state a federal cause of action in this case. He states no § 1983 claim, there is no diversity of citizenship between the parties, and Plaintiff has not stated any federal statutory claim that the Court can discern upon initial review, consequently, Plaintiff's complaint is dismissed. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."